# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0126V

|   |   |
|---|---|
| ANNE ROSENTHAL,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 30, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 8, 2022, Anne Rosenthal filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of an influenza vaccine she received on September 19, 2019. Petition, ECF No. 1. On September 26, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 43.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $55,704.74 (representing $51,780.40 in fees plus $3,924.34 in costs). Motion for Attorney's Fees, filed on March 14, 2025. ECF No. 48. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 48 at 2.

Respondent reacted to the motion on March 28, 2025, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 50. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 51.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested by attorneys Leah Durant, Richard Amada, Mike Milmoe, Glenn MacLeod and their supporting paralegals are reasonable and consistent with our prior determinations and will therefore be adopted. However, the proposed hourly of $475.00 for 2024 time billed by Elizabeth Vitt requires adjustment.

Ms. Vitt was previously awarded a lesser rate than requested herein ($430.00 for time billed in 2024). *See Scott* v. *Sec'y of Health & Hum. Servs.,* No. 23-1121V, Slip Op. 40 (Fed. Cl. Spec. Mstr. July 28, 2025). I find no reason to deviate from that determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Ms. Vitt's rate to be consistent with *Scott.* **Application of the foregoing reduces the fees to be awarded by $72.00**.[3]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 48-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs.

---

[3] This amount consists of reducing Elizabeth Vitt's 2024 hourly rate and is calculated as follows: ($475.00 - $430.00 = $45.00 x 1.60 hours billed) = $72.00.

2

I award a total of **$55,632.74 (representing $51,708.40 in fees plus $3,924.34 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.